# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**M.D. MODZELEWSKI, F.D. MITCHELL, J.A. FISCHER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**JOHN T. TAYLOR**
**YEOMAN SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201300195**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged**: 6 February 2013.
**Military Judge**: CDR Marcus Fulton, JAGC, USN.
**Convening Authority**: Commander, Navy Region Hawaii, Pearl Harbor, HI.
**Staff Judge Advocate's Recommendation**: LCDR K.A. Elkins, JAGC, USN.
**For Appellant**: LT David C. Dziengowski, JAGC, USN.
**For Appellee**: LCDR Keith B. Lofland, JAGC, USN; LT Ann E. Dingle, JAGC, USN.

**6 March 2014**

---------------------------------------------------
**OPINION OF THE COURT**
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of conspiracy, one specification of dereliction of duty, 10 specifications of violating a general regulation, and six specifications of larceny, in violation of Articles 80, 92, and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 880, 892, and 921. The military judge sentenced the appellant to

confinement for 325 days, total forfeiture of pay and allowances, a fine of $17,000.00, reduction to pay grade E-1, and a bad-conduct discharge. Pursuant to the pretrial agreement, the convening authority (CA) approved the sentence, but suspended all confinement in excess of four months.

The appellant raises three assignments of error (AOEs): (1) that the appellant is entitled to new post-trial processing because of defects in the staff judge advocate's recommendation (SJAR) and CA's action; (2) that the sentence is disparately severe relative to that of his co-conspirator; and, (3) that the court-martial lacked jurisdiction over the appellant.[1]

After careful examination of the record of trial and the pleadings of the parties, we are satisfied that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## Post-Trial Processing

In his first assignment of error, the appellant contends that post-trial processing in his case was flawed in two regards. First, he contends that the staff judge advocate (SJA) erred by failing to comment on his trial defense counsel's allegation of legal error in his post-trial submission of 22 April 2013. Upon our review of that submission, we readily conclude that trial defense counsel alleged no legal errors whatsoever. Instead, he made an equitable argument that the appellant should not be punished more harshly than his co-conspirator, who was senior to him in pay grade, and requested clemency based on principles of fairness. We conclude that the SJA did not err in that the post-trial submission contained no "allegation of legal error" within the meaning of RULE FOR COURTS-MARTIAL 1106(d)(4), MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

Second, the appellant correctly notes that neither the SJAR nor the CA's action includes reference to the companion case of his co-conspirator, Senior Chief Yeoman (YNCS) Glover. The service requirement to note companion cases[2] ensures that the CA makes an informed decision when taking his action. That purpose was clearly met here. The CA in his action of 15 May 2013

---

[1] This third AOE is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1992).

[2] This requirement is imposed by the Manual of the Judge Advocate General, Judge Advocate General Instruction 5800.7F § 0151a(5) (26 June 2012).

explicitly stated that he considered the clemency request of 22 April 2013, which was almost entirely devoted to the inequities between the two Sailors' sentences. Moreover, the record reveals that the CA took his action in the two companion cases on the same day. Contrary to the appellant's assertion, we are convinced that the CA considered the companion case prior to finalizing his action. When the appellant seeks relief for post-trial review errors, he must make some colorable showing of possible prejudice. *United States v. Danley*, 70 M.J. 556, 559 (N.M.Ct.Crim.App. 2011). The appellant here fails to carry his burden.

## Disparity of Sentence

The appellant also alleges that his sentence is disparately severe from that of his co-conspirator, YNCS Glover, who was convicted pursuant to his pleas of similar charges at a general court-martial and sentenced by a military judge to confinement for 365 days, total forfeitures, reduction to pay grade E-3, a fine of $11,000, and a bad-conduct discharge. We disagree.

The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases. *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985). We are not required to engage in comparison of specific cases "'except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting *Ballard*, 20 M.J. at 283). The burden is upon the appellant to make that showing. *Id.* If the appellant satisfies his burden, the Government must then establish a rational basis for the disparity. *Id.*

We readily find that YNCS Glover's case is closely related to the appellant's case. However, based upon our review of the record, we find that the appellant has not met his burden of demonstrating that his sentence is highly disparate when compared with the sentence of YNCS Glover.

Sentence comparison does not require sentence equation. *United States v. Durant,* 55 M.J. 258, 260 (C.A.A.F. 2001) (citing *Ballard,* 20 M.J. at 282 and *United States v. Snelling,* 14 M.J. 267 (C.M.A. 1982)). By exercising our authority to determine sentence appropriateness under Article 66(c), UCMJ, the goal is "to attain *relative* uniformity rather than an arithmetically averaged sentence." *Lacy*, 50 M.J. at 288

3

(quoting *United States v. Olinger,* 12 M.J. 458, 461 (C.M.A. 1982)).

Although the record does not reflect whether the same judge presided at both trials, the sentences imposed are in fact quite similar. The appellant highlights the difference in the amount of the fine imposed: he was fined $17,000, which appears to reflect approximately the total value of his unjust enrichment, while YNCS Glover was fined $11,000, which appears to reflect 50% of his unjust enrichment. While it is true that the appellant's sentence was more severe than YNCS Glover's in terms of the fine, YNCS Glover's sentence was slightly more severe than the appellant's in terms of confinement.

Moreover, the test in these cases is not limited to a narrow comparison of the relative numerical values of the sentences at issue, but also may include consideration of the disparity in relation to the potential maximum punishment. *Lacy,* 50 M.J. at 289. The appellant faced a maximum punishment that included 78 years of confinement and a dishonorable discharge, and his co-conspirator faced a similar maximum sentence. Against that backdrop, we do not consider the differences between the two sentences to be "highly disparate." As the Court of Appeals for the Armed Forces has observed, "the military system must be prepared to accept some disparity in the sentencing of codefendants, provided each military accused is sentenced as an individual." *Durant,* 55 M.J. at 261 (citations omitted).

Even if we had found the sentences to be "highly disparate," considering the facts and circumstances of each case, we would also find that a rational basis exists for the disparity. *United States v. Sothen,* 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *Lacy,* 50 M.J. at 288). Unlike the appellant, who was separating from the service when his fraud was discovered, YNCS Glover was a retirement-eligible Sailor: the long term financial impact of his adjudged bad-conduct discharge dwarfed the impact of any fine in his case.

The appellant has not met his burden of showing that his sentence is highly disparate to the sentence in the companion case, and the record provides cogent reasons for any disparity that does exist. We conclude that the sentence approved by the CA is appropriate for this offender and his offenses, and decline to grant relief. *United States v. Baier,* 60 M.J. 382 (C.A.A.F. 2005); *United States v. Healy,* 26 M.J. 394 (C.M.A. 1988); *Snelling,* 14 M.J. at 267.

4

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the appellant asserts that the court martial lacked personal jurisdiction over him.  After carefully reviewing the pleadings and the record of trial, to include the military judge's detailed findings of fact and ruling,[3] we conclude that the assigned error is without merit.

## Conclusion

The findings and the sentence, as approved by the CA, are affirmed.


For the Court



R.H. TROIDL
Clerk of Court

---

[3] Appellate Exhibit XXVI.

5