# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.R. MCFARLANE, M.C. HOLIFIELD, K.J. BRUBAKER**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**CHRISTIAN D. WILLE**
**INFORMATION SYSTEMS TECHNICIAN SECOND CLASS (E-5), U.S. NAVY**

**NMCCA 201400394**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 5 September 2014.
**Military Judge:** CDR R.P. Monahan, JAGC, USN.
**Convening Authority:** Commandant, Naval District Washington, Washington Navy Yard, Washington, D.C.
**Staff Judge Advocate's Recommendation:** LCDR J.D. Pilling, JAGC, USN.
**For Appellant:** Maj Jeffrey S. Stephens, USMCR.
**For Appellee:** CAPT Diane L. Karr, JAGC, USN; Capt Cory Carver, USMC.

**24 March 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification each of assault consummated by a battery and drunk and disorderly conduct, in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928 and 934. The military judge sentenced the appellant to confinement for 90

days and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the bad-conduct discharge, ordered it executed. Pursuant to a pretrial agreement, the CA suspended all confinement in excess of 30 days.

The appellant asserts two assignments of error: (1) that his sentence was inappropriately severe and, (2) that the CA's promulgating order inaccurately reflects the pleas and findings. While we find the approved sentence appropriate, we agree that the promulgating order is erroneous, and will order corrective action in our decretal paragraph.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and the sentence are otherwise correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

In October 2013 the appellant invited then-Information Systems Technician Seaman (ITSN) VS and several other Sailors to his apartment for a party. At the apartment, ITSN VS had numerous alcoholic drinks, resulting in her lying on the living room floor, intoxicated and nauseous. The appellant insisted on moving her to his bedroom, despite her stating she wished to remain where she was. Once in the bedroom, the appellant placed ITSN VS on his bed, turned off the lights and locked the door. He then lay down beside her. Shortly thereafter he began to move his hand over her clothed leg. ITSN VS firmly told him to stop, moving away from him as she did so. Undeterred, the appellant again began touching her leg, this time moving his hand up her inner thigh. ITSN VS told him to stop, fell off the bed, and crawled to the locked door. As she pounded on the door, the appellant rose from the bed and unlocked the door. She immediately left the apartment.

Approximately six weeks later, the appellant was out drinking with friends when one of his neighbors, YL, invited the group back to her apartment to eat. Around 0215, after 45 minutes of drinking at YL's apartment, the appellant departed for his own apartment to change clothes. He later returned unnoticed and hid himself in YL's bedroom closet. Sometime later, as YL was undressing and preparing for bed, she found the appellant passed out behind the clothes hamper in her closet.

2

Screaming at him to get out, she dragged the appellant to the door and ejected him from her apartment.

Neither of the women had in any way indicated they welcomed or consented to the appellant's actions.

## Sentence Appropriateness

The appellant argues that his sentence of 90 days' confinement and a bad-conduct discharge was inappropriately severe. We disagree. In accordance with Article 66(c), UCMJ, a Court of Criminal Appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Sentence appropriateness involves the judicial function of assuring that justice is done and that the appellant gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). While this court has a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999).

The maximum sentence applicable to the offenses to which the appellant pleaded guilty was confinement for 12 months, forfeiture of all pay and allowances, reduction to pay grade E-1, and a bad-conduct discharge. The range of permissible punishment – from no punishment to the maximum – reflects that some assaults and occasions of drunk and disorderly conduct are more serious than others. Here the assault consummated by battery involved the unwanted touching of a highly intoxicated, junior Sailor by the much more senior appellant. After assisting the victim in moving from the floor to his bed (in spite of her protests), the appellant lay down beside her and continued to engage in the unwanted touching despite her clear and unequivocal demand that he stop. ITSN VS testified to the lasting and serious impact the appellant's action had on her. While a sterile reading of the findings may indicate relatively minor misconduct, the circumstances of the assault place the appellant's misconduct in its proper, more troubling light.

3

Likewise, the appellant's drunk and disorderly conduct involved activity far more serious than "minor, 'NJP-level' offenses."[1]  The appellant was not simply found passed-out in his neighbor's apartment.  The record indicates he, in a state of intoxication, left the neighbor's apartment, only to return unnoticed and hide in her bedroom closet.  The neighbor's victim impact statement described the sleeplessness, hypervigilance, fear, and anger resulting from the appellant's misconduct.[2]

After review of the entire record, we find that the sentence is appropriate for this offender and his offenses.  To grant sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA.  *Healy,* 26 M.J. 395-96.

## Error in Promulgating Order

The promulgating order erroneously reflects that the appellant pleaded not guilty to Charge I and its sole specification.  In fact, he pleaded as follows:  "Not Guilty, but Guilty to the lesser included offense of Article 128, assault consummated by a battery, except as to the word 'groin,' substituting the word[s] 'inner thigh.'"  Also, the order incorrectly states that the appellant pleaded, and was found, guilty to Specification 2 of Additional Charge II.

We test this error under a harmless-error standard.  *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998) (citation omitted).  We find this error did not materially prejudice the appellant's substantial rights.  The appellant alleges no prejudice resulting from this error, and we find none.  However, the appellant is entitled to accurate court-martial records.  *Id.*  Accordingly, we order the necessary corrective action in our decretal paragraph.

## Conclusion

The supplemental promulgating order shall correctly reflect the appellant's plea to the Charge and its sole specification. The order shall also correctly reflect the plea and finding with respect to Specification 2 of Additional Charge II.  As

---

[1] Appellant's Brief of 15 Jan 2015 at 6.  "NJP" refers to nonjudicial punishment imposed pursuant to Article 15, UCMJ.

[2] Prosecution Exhibit 2 at 1.

corrected, the findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court