UNITED STATES, Appellee,

v.

Andrea N. LACY, Private First Class,
U.S. Marine Corps, Appellant.

No. 98–0511.
Crim.App. No. 97–0667.

U.S. Court of Appeals for
the Armed Forces.

Argued Dec. 15, 1998.

Decided May 12, 1999.

EFFRON, J., delivered the opinion of the Court, in which COX, C.J., and SULLIVAN, CRAWFORD, and GIERKE, JJ., joined.

For Appellant: *Lieutenant Mari–Rae Sopper,* JAGC, USNR (argued); *Lieutenant Albert L. DiGiulio,* JAGC, USNR.

For Appellee: *Lieutenant Timothy E. Curley,* JAGC, USNR (argued); *Colonel Kevin M. Sandkuhler,* USMC, *Commander D.H. Myers,* JAGC, USN, and *Lieutenant Kevin S. Rosenberg,* JAGC, USNR (on brief).

Judge EFFRON delivered the opinion of the Court.

Pursuant to his pleas, appellant was convicted by a general court-martial composed of a military judge alone of carnal knowledge and committing indecent acts, in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 USC §§ 920 and 934, respectively. Appellant was sentenced to a bad-conduct discharge, confinement for 18 months, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved these results, and the Court of Criminal Appeals affirmed in an unpublished decision.

This Court granted review of the following issue:

WHETHER APPELLANT'S SENTENCE AND THE SENTENCES IN THE COMPANION CASES OF LANCE CORPORAL DANIEL AND PRIVATE FIRST CLASS SEAY ARE INAPPROPRIATELY DISPARATE, RENDERING APPELLANT'S SENTENCE INAPPROPRIATELY SEVERE AS A MATTER OF LAW.

For the reasons stated below, we affirm the decision of the Court of Criminal Appeals.

I

Appellant and two other Marines had sexual intercourse with an underage girl in the presence of each other. All three pleaded guilty to indecent acts and carnal knowledge. All three were tried by general court-martial, and each elected to be tried by a military judge sitting alone. The same judge presided at all three trials. All three Marines were convicted in accordance with their pleas.

Appellant was sentenced to 18 months of confinement, while his coactors were sentenced to 8 months and 15 months, respectively. Their sentences were the same in all other respects. The same convening authority acted in two of the cases. His superior acted in the third case.

The lower court concluded that the sentences in these three cases were not so disparate as to warrant corrective action at the appellate level. In the context of the approved findings, the court below concluded that all three sentences fell within both a range of acceptability and a range of relative uniformity. Appellant contends that the Court of Criminal Appeals erred in not revising the confinement portion of his sentence in light of the different periods of confinement that were adjudged and approved in the other two cases.

II

The military justice system is highly decentralized. Military commanders stationed at diverse locations throughout the world have broad discretion to decide whether a case should be disposed of through administrative, nonjudicial, or court-martial channels. *See, e.g.,* Arts. 15 and 22–24, UCMJ, 10 USC §§ 815 and 822–24; RCM 401–07, Manual for Courts–Martial, United States (1998 ed.). If the case results in a finding of guilty, a court-martial has discretion to impose any authorized punishment that is below the maximum for the offense. After trial, the commander who convened the court-martial has virtually unfettered discretion, as a matter of command prerogative, to modify the sentence in whole or in part, so long as the severity is not increased. *See* Art. 60, UCMJ, 10 USC § 860 (1983); RCM 1107.

Congress, recognizing that the decentralized exercise of such broad discretion is likely to produce disparate results, has provided the Courts of Criminal Appeals not only with the power to determine whether a sentence is correct in law and fact, but also with the highly discretionary power to determine whether a sentence "should be approved." Art. 66(c), UCMJ, 10 USC § 866(c) (1994). The power to determine whether a sentence

should be approved has no direct parallel in the federal civilian sector, which relies on sentencing guidelines. *See* 18 USC § 3742 (delineating the scope of appellate review of federal sentences).

Under Article 66(c), Congress has furthered the goal of uniformity in sentencing in a system that values individualized punishment by relying on the judges of the Courts of Criminal Appeals to

utilize the experienced distilled from years of practice in military law to determine whether, in light of the facts surrounding [the] accused's delict, his sentence was appropriate. In short, it was hoped to attain *relative* uniformity rather than an arithmetically averaged sentence.

*United States v. Olinger,* 12 MJ 458, 461 (CMA 1982), quoting *United States v. Judd,* 11 USCMA 164, 170, 28 CMR 388, 394 (1960) (Ferguson, J., concurring in the result) (emphasis in original).

 The power to review a case for sentence appropriateness, including relative uniformity, is vested in the Courts of Criminal Appeals, not in our Court, which is limited to errors of law. *Compare* Art. 66(c) *with* Art. 67(c), UCMJ, 10 USC § 867(c) (1994); *see United States v. Christopher,* 13 USCMA 231, 236, 32 CMR 231, 236 (1962). With respect to reviewing the actions of the Courts of Criminal Appeals on issues of sentence appropriateness, our review is limited to preventing "obvious miscarriages of justice or abuses of discretion." *United States v. Dukes,* 5 MJ 71, 73 (CMA 1978); *see United States v. Henry,* 42 MJ 231, 234 (1995).

Recognizing that the sentence review function of the Courts of Criminal Appeals is highly discretionary, we have not required those tribunals to engage in sentence comparison with specific cases "except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *United States v. Ballard,* 20 MJ 282, 283 (CMA 1985); *see United States v. Brock,* 46 MJ 11 (1997). Moreover, as a general matter, we have not required the Courts of Criminal Appeals to expressly

distinguish the case on appeal from the sentence adjudged in a separate case. As we noted in *Ballard, supra* at 286:

[T]he experienced and professional military lawyers who find themselves appointed as trial judges and judges on the courts of military review [now the Courts of Criminal Appeals] have a solid feel for the range of punishments typically meted out in courts-martial.... [W]e have every confidence that this accumulated knowledge is an explicit or implicit factor in virtually every case in which a military judge imposes sentence or a court of military review assesses for sentence appropriateness.

 At a Court of Criminal Appeals, an appellant bears the burden of demonstrating that any cited cases are "closely related" to his or her case and that the sentences are "highly disparate." If the appellant meets that burden, or if the court raises the issue on its own motion, then the Government must show that there is a rational basis for the disparity.

 Our review of a decision from a Court of Criminal Appeals in such a case is limited to three questions of law: (1) whether the cases are "closely related" (*e.g.,* coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared); (2) whether the cases resulted in "highly disparate" sentences; and (3) if the requested relief is not granted in a closely related case involving a highly disparate sentence, whether there is a rational basis for the differences between or among the cases.

Although we have not required the courts below to articulate their reasons for such determinations, and do not do so today, we note that an opinion from a lower court addressing these matters increases the likelihood that we will not overlook factors that may have been important to that court in this highly discretionary area of review. A further benefit of such an opinion is that it provides a means of addressing colorable allegations of unfairness. *See, e.g., United States v. Kelly,* 40 MJ 558 (NMCMR 1994).

## III

In the present case, where appellant and two other Marines engaged in the same course of conduct with the same victim in each other's presence, we agree with the court below that the cases fall within the "closely related" test. The sentences, however, are not "highly disparate." The test in such a case is not limited to a narrow comparison of the relative numerical values of the sentences at issue, but also may include consideration of the disparity in relation to the potential maximum punishment.

The sentences at issue in the present appeal—appellant's 18 months' confinement and the 15 and 8 months' confinement received by the others—are all relatively short compared to the maximum confinement of 27 years that appellant was facing. In such circumstances, we hold that the court below did not abuse its discretion in concluding that any differences in the confinement did not produce sentences that were "highly disparate." Having failed to show a high disparity in his sentence, appellant is not entitled to a further examination of the reasons for any differences in the sentences.

## IV

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is affirmed.