SULLIVAN, Judge
(concurring):
The Uniform Code of Military Justice provides that an accused may be tried by a court-martial of members or a court-martial composed of a military judge alone. Article 16, UCMJ, 10 USC § 816. This optional procedure alone may lead to court-martial sentences in closely related cases which are not the same, and that is what happened in this case. Appellant’s confederate received from a court of members a sentence consisting of a reduction from E-6 to E-3 and a fine of $4,200. Appellant received from a military judge a sentence of a dishonorable discharge, confinement for 30 months, and reduction from E-5 to E-l. The convening authority, pursuant to a pretrial agreement, reduced this sentence to a bad-conduct discharge, confinement for 12 months, and reduction to E-l.
The Court of Criminal Appeals is statutorily required to ensure that a military accused receives a correct and appropriate sentence. Article 66(c), UCMJ, 10 USC § 866(c). In United States v. Lacy, 50 MJ 286, 287-88 (1999), we recognized that the Court of Criminal Appeals is primarily responsible for ensuring at least “relative uniformity” in sentencing. We said:
The power to review a case for sentence appropriateness, including relative uniformity, is vested in the Courts of Criminal Appeals, not in our Court, which is limited to errors of law. Compare Art. 66(c) with Art. 67(c), UCMJ, 10 USC § 867(c)(1994); see United States v. Christopher, 13 USCMA 231, 236, 32 CMR 231, 236 (1962). With respect to reviewing the actions of the Courts of Criminal Appeals on issues of sentence appropriateness, our review is limited to preventing “obvious miscarriages of justice or abuses of discretion.” United States v. Dukes, 5 MJ 71, 73 (CMA 1978); see United States v. Henry, 42 MJ 231, 234 (1995).
Nevertheless, in Lacy, we further delineated when our Court could find an abuse of discretion by the appellate court below. We said:
Our review of a decision from a Court of Criminal Appeals in such a case is limited to three questions of law: (1) whether the cases are “closely related” (e.g., coactors involved in a common crime, servieemem-bers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared); (2) whether the cases resulted in “highly disparate” sentences; and (3) if the requested relief is not granted in a closely related case involving a highly disparate sentence, whether there is a rational basis for the differences between or among the cases.
Id. at 288. If evidence exists in the record from which the service appellate court could conclude that a rational basis existed for a “highly disparate” sentence in a closely related case, we must affirm the Court of Criminal Appeals denial of sentence relief.
Turning to the evidence of record in this case, I note that appellant did not request to remain in the Army, but his confederate did. Compare Record at 98 (appellant’s unsworn statement) with Cochrane Record at 32 (SSG Cochrane’s unsworn statement). Appellant also had a record of military performance that was obviously inferior to his confederate. Compare Record at 85 (appellant’s first sergeant noted that he would try to replace appellant as Supply Sergeant if his company went to war) with Cochrane Record at 28 (SSG Cochrane’s Command Sergeant Major stated, “SSG Cochrane’s duty performance during that time [in Hawaii] was excellent. *264 SSG Cochrane’s military character was ex-emplary____ SSG Cochrane explained what he did about stealing government property. I believe SSG Cochrane has good rehabilitative potential. I know he can still do great things for the Army.”). Appellant also stole merchandise worth more money than SSG Cochrane did. Compare Record at 20-21 (stipulating that appellant stole goods valued at at least $30,000) with Cochrane Record at Charge Sheet (charging SSG Cochrane with theft of property worth $4,144.44). Finally, SSG Cochrane offered powerful mitigation witness testimony which appellant did not. See, e.g., Cochrane Record at 26 (SSG Coch-rane’s supervisor at the Casualty Mortuary Affairs Office noted his “excellent” duty performance and “positive” attitude, even in light of a pending court-martial). Based on this evidence in the record, I conclude that there is a rational basis for the disparity between the sentences of appellant and SSG Cochrane, per our holding in Lacy.
Finally, I personally share Judge Effron’s view that articulation by the Court of Criminal Appeals of the basis for its conclusion that highly disparate sentences in closely related cases are rational will promote the interests of fairness in the military justice system. Nevertheless, as I said before, I am “aware of no requirement of law that appellate courts in general or a court of military review in particular must articulate its reasoning on every issue[.]” United States v. Matias, 25 MJ 356, 363 (CMA 1987). And I refuse to do so under the circumstances in this case today. Accordingly, I affirm.