EFFRON, Judge
(dissenting):
As noted in the majority opinion, our decision in United States v. Lacy, 50 MJ 286 (1999), provides that the issue of sentence appropriateness raises three questions of law: (1) whether the cases are closely related; (2) whether the sentences are highly disparate; and (3) whether there is a rational basis for the disparity.
There is no dispute that appellant’s case was closely related to that of his coactor. The highly disparate nature of the sentences is reflected in the fact that the coactor received no discharge, no confinement, a reduction to E-3, and a fine of $4,200, while appellant’s sentence included a punitive discharge and confinement for 15 months.
With respect to the question of whether there is a rational basis for the disparity, the responsibility for making such a determination under Article 66, UCMJ, 10 USC § 866, rests with the Court of Criminal Appeals, not with this Court. I agree that the Courts of Criminal Appeals are not required to articulate reasons for their sentence-appropriateness determinations in all cases. When there are closely related cases involving highly disparate sentences, however, it is particularly critical for the lower court to provide some explanation of its decision on the question of a rational basis for the disparity. This is not an unduly onerous task; there are relatively few cases involving coactors, and even fewer involving highly disparate sentences.
In such a case, a Court of Criminal Appeals possesses a unique expertise that places it in an ideal position to determine whether there exists a rational basis for the sentence disparity. This special expertise is derived from a number of factors, such as the regularity with which the Courts of Criminal Appeals examine cases for sentence appropriateness, relative to the small number of sentence-appropriateness cases decided by our Court; and the active-duty status of most judges on the Courts of Criminal Appeals, which typically affords them recent field experience, including exposure to a broad range of courts-martial and alternative dispositions not within the routine jurisdiction of our Court.
A Court of Criminal Appeals might properly determine that a sentence adjustment is not required where the sentence at issue is found to be objectively appropriate and where it finds that the disparity is largely the result of the coactor’s relatively lenient sentence. We cannot assume that the Court of Criminal Appeals made such a determination in this case, particularly in view of factors that heighten concerns about the disparity between appellant’s sentence and that of his coactor. For example, factors such as the *265 status of the coactor as the more senior noncommissioned officer — and the fact that the coactor was the person who initiated the crime — underscore the need for a reasoned explanation of the already significant disparity between the sentences. In such as the present appeal, confidence in the fairness of the military justice system requires an articulation by the Court of Criminal Appeals of its reasons for affirming appellant’s sentence. I respectfully dissent, and would remand this case to the Court of Criminal Appeals.