**UNITED STATES**

v.

**Major Derek J. PAULK, United States Air Force.**

**ACM 36952.**

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 17 Jan. 2007.

20 May 2008.

Appellate Counsel for the Appellant: Eugene R. Fidell (Civilian Counsel, Argued), Lieutenant Colonel Mark R. Strickland, Major John N. Page III, and Captain Tiffany M. Wagner.

Appellate Counsel for the United States: Captain Jason M. Kellhofer (Argued), Colonel Gerald R. Bruce, Major Matthew S. Ward, and Major Donna S. Ruepell.

Before FRANCIS, Senior Judge, SOYBEL, and BRAND, Appellate Military Judges.

OPINION OF THE COURT

SOYBEL, Judge:

In accordance with his pleas, the appellant was convicted of failure to obey a lawful regulation by transmitting, sending or storing offensive material on a government-owned computer, making a false official statement to his squadron commander that his relationship with MK, the wife of another officer, was not intimate or sexual in nature and that they had not had sex, and for having intercourse with MK, a married woman, not his wife, in violation of Articles 92, 107, and 134, UCMJ, 10 U.S.C. §§ 892, 907, and 934.

---

13. U.S. CONST. amend. VI.

He was found not guilty of disobeying a superior officer's order to have no contact with MK, and engaging in conduct unbecoming an officer and a gentleman by forming and persisting in a longstanding and adulterous relationship with MK, the spouse of another officer, when the other officer was deployed and despite the other officer's request that he discontinue it. These were charged as violations of Articles 90 and 133, UCMJ, 10 U.S.C. §§ 890 and 933, respectively. He was sentenced to 30 days confinement and a dismissal. The convening authority approved the dismissal and 23 days of confinement.

The appellant raises three issues on appeal. Two can be combined because the appellant challenges the constitutionality of being tried at court-martial and having his appellate case heard by military judges who do not have the same term of service as judges in other military services. He also claims his sentence was excessive.

### Equal Protection

The appellant contends the equal protection component of the Fifth Amendment[1] due process clause was violated during his court-martial and is being violated at this Court because the military trial judge and the judges of this Court serve without the protection of a fixed term of office, whereas those in the Army and Coast Guard enjoy such protection by regulation. We find no merit to this claim.

Another panel of this Court considered this issue in *United States v. Belkowitz*, ACM 36358, 2006 WL 3895086 (A.F.Ct.Crim. App. 20 Dec. 2006) (unpub. op.). In that case we adopted the well-reasoned opinion of our appellate brethren on the Navy–Marine Court of Criminal Appeals and found that their reasoning in *United States v. Gaines*, 61 M.J. 689 (N.M.Ct.Crim.App.2005) was applicable to the appellant's assignment of errors in *Belkowitz*. The same holds true in the case sub judice.

Notwithstanding these two cases and the Supreme Court's ruling in *Weiss v. United States*, 510 U.S. 163, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994), that due process does not require military judges to have fixed terms, the appellant continues to argue that since two of the Services voluntarily established terms of service for military judges,[2] while two did not, an equal protection problem was created. Essentially, the appellant is saying that either all or none of the services should have fixed terms, but the mixed bag currently existing violates constitutional imperatives of equal protection.[3]

The appellant concedes that the rational basis test, as it relates to the Due Process clause, applies to the issue in this case. *See Romer v. Evans*, 517 U.S. 620, 116 S.Ct. 1620, 134 L.Ed.2d 855 (1996), *United States v. Wright*, 48 M.J. 896 (A.F.Ct.Crim.App. 1998). "In the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *Romer*, 517 U.S. at 632, 116 S.Ct. 1620 (citations omitted).

Further, *Romer* states a law will be upheld if it is "grounded in a sufficient factual context for us to ascertain some relation between the classification and the purpose it served. By requiring that the [rule] bear a rational relationship to an independent and

---

1. U.S. CONST. Amend V.

2. Even though these services each have regulations setting the minimum judicial assignment at three years, the exceptions within each regulation to the three-year assignment rule differ significantly between the two services. For example, the Army regulation provides for reassignment by The Judge Advocate General (TJAG) "based on the needs of the Service *in a time of war or national emergency*." Army Regulation 27–10, *Military Justice*, ¶¶ 8–1.g (2002) (emphasis added). On the other hand, the Coast Guard provides for 3–year assignments for military judges except when they are reassigned *"under*

*the normal personnel assignment process based on the needs of the service."* Commandant Instruction M5810.1D, *Military Justice Manual* (17 Aug 2000), ¶ 6.E (emphasis added).

3. The amount of "protection" for judicial assignments provided by the Army seems greater than that provided by the Coast Guard. The Coast Guard's policy is more aligned with that of the Air Force and Navy in that TJAGs of these services can apparently reassign JAG personnel essentially without limitation. However, the appellant has not argued that this imbalance forms the basis for another equal protection challenge.

legitimate legislative end, we ensure that classifications are not drawn for the purpose of disadvantaging the group burdened by the law." *Id.* at 632–33, 116 S.Ct. 1620.

A rational basis for the discrepancy between the services exists. The explanation is found in the Advisory Commission Report on the Military Justice Act of 1983[4] (the report). Mil. Just. Act of 1983 Advisory Comm., 98th Cong., *Report of the Advisory Commission* (Commn. Rpt. 14 Dec. 1984).

In this report the Commission recommended to Congress against establishing tenure for military judges. First, the report acknowledged that the purpose of tenure was to ensure judicial independence. However, the committee found that military judges already have independence even without terms of office. Thus, creating fixed terms "for the sake of appearance" would only mislead the public into believing a problem with judicial independence exists within the military justice system. Mil. Just. Act of 1983 Advisory Comm., 98th Cong., *Report of the Advisory Commission* at Vol. I, p. 9. Further, the report concluded that the need for "assignment flexibility outweighs any possible benefit regarding appearance." *Id.*

In spite of the above, the appellant still contends no rational basis for the differences exists. The appellant points out that "Congress has done nothing since [the Army and Coast Guard assignment regulations set their assignment rules for military judges] that can be interpreted as ratification of the resulting disparity across service lines."

However, this is not a valid argument, because it attempts to shift the burden to the government. Congress does not need to "ratify" the actions of the services. Under the rational basis test, the burden is on the appellant to demonstrate that there is no rational basis for the rule he is challenging. The proponent of the classification "has no obligation to produce evidence to sustain the rationality of a statutory classification." *Heller v. Doe,* 509 U.S. 312, 320, 113 S.Ct. 2637, 125 L.Ed.2d 257 (1993). Instead, " 'the bur-

den is on the one attacking the legislative arrangement to negative every conceivable basis which might support it,' whether or not the basis has a foundation in the record." *Id.* at 320–21, 113 S.Ct. 2637 (quoting *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 364, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973)). As long as there is a plausible reason for the law, a court will assume a rational reason exists for its enactment and not overturn it. *See Heller,* 509 U.S. at 320, 113 S.Ct. 2637; *United States v. Carolene Products,* 304 U.S. 144, 153, 58 S.Ct. 778, 82 L.Ed. 1234 (1938). Even though we are dealing with service regulations, they are regulations promulgated pursuant to congressional authority. *See* Articles 26(a), 66(a), 66(f), UCMJ; 10 U.S.C. §§ 826, 866. The fact remains the appellant has provided absolutely no reasoning or facts to counter the assumption that a rational basis exists for the discrepancy he has identified.

Clearly, then, there is no need for Congress to ratify what it has already given the services permission to do. Congress, by adopting the commission's recommendations, and not creating fixed terms for judges, freed the services to set their own regulations governing judicial assignments to best suit their unique needs. It is beyond question that the services have distinct missions, cultures and modes of operation. Each must be free to have an assignment system that meets their particularized needs. *See Gaines,* 61 M.J. at 692 (quoting *United States v. Hoesing,* 5 M.J. 355, 358 (C.M.A. 1978)); Article 6, UCMJ, 10 U.S.C. § 806. The concept of assignment flexibility is as valid a rationale for variations in assignment rules between the services as it is within a particular service and serves as a rational basis to justify the differences in the way each military service formulates its own rules for judicial assignments.

### Sentence Appropriateness

As to the sentence approved by the convening authority, we find no merit in the argument that it is excessive or inappropri-

---

4. Congress directed the Secretary of Defense to establish a commission to conduct a study of the military justice system. Congress specifically ordered that the study include whether military judges should have guaranteed terms of office (tenure). Mil. Just. Act of 1983 Advisory Comm., 98th Cong., *Report of the Advisory Commission,* Vol. I, p. vi (14 Dec 1984).

ately severe. This Court has the authority to review sentences pursuant to Article 66(c), UCMJ; 10 U.S.C. § 866(c), and to reduce or modify sentences we find inappropriately severe. Generally, we make this determination in light of the character of the offender and the seriousness of his offense. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A.1982). Our duty to assess the appropriateness of a sentence is "highly discretionary," but does not authorize us to engage in an exercise of clemency. *United States v. Lacy*, 50 M.J. 286, 287; *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1986).

We have reviewed the record of trial, the error assigned by the appellant, and the government's reply. Taking into account all the facts and circumstances surrounding this case, we do not find the appellant's sentence inappropriately severe. *Snelling*, 14 M.J. at 268. To the contrary, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382 (C.A.A.F.2005); *Healy*, 26 M.J. at 395.

### Conclusion

The approved findings and sentence are correct in law and fact, and no error prejudicial to the substantial rights of the appellant occurred. Article 66(c), UCMJ; *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F.2000). Accordingly, the approved findings and sentence are

AFFIRMED.

FRANCIS, Senior Judge (Concurring).

I join the Court's opinion, and fully agree that a rational basis exists for differences in the individual service regulations governing the terms of office for military trial and appellate judges. However, application of the rational basis test is not required to resolve the appellant's equal protection challenge.

Fundamental to resolution of any equal protection challenge is a basic understanding of what right the challenger seeks to have protected. Within the context of the issue before this Court, the "what" is the right to a fair and impartial trial by an independent judiciary. It is not the right of judges to have fixed terms of office. The latter is simply a structural mechanism that, in the eyes of the appellant, is required to assure the former. The fallacy of the appellant's argument is that he automatically assumes it is the only way to achieve judicial independence. It is not. Rather, as the Supreme Court ruled in *Weiss*, judicial independence can be, and in the case of military trial and appellate judges is, achieved through other, equally effective mechanisms. *Weiss v. United States*, 510 U.S. 163, 179, 114 S.Ct. 752, 127 L.Ed.2d 1 (1994). Judicial independence is an all or nothing proposition. You either have it or you don't. If, as the United States Supreme Court ruled, military judges are already guaranteed judicial independence, adding a new measure designed to secure that same right has no practical effect. It is simply redundant.

As a result, whether or not one or more military services direct fixed terms for their own judges is of no consequence. The appellant already has the "equal protection" he purports to seek.