# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

### v.

### Senior Airman MICHAEL D. WENCE
### United States Air Force

### ACM S32162

### 04 September 2014

Sentence adjudged 5 June 2013 by SPCM convened at Joint Base Andrews Naval Air Facility Washington, Maryland. Military Judge: Michael A. Lewis (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 21 days, and reduction to E-1.

Appellate Counsel for the Appellant: Captain Isaac C. Kennen and Captain Lauren A. Shure.

Appellate Counsel for the United States: Lieutenant Colonel C. Taylor Smith and Gerald R. Bruce, Esquire.

Before

ALLRED, SARAGOSA, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

PER CURIAM:

The appellant pled guilty before a military judge sitting as a special court-martial to one specification of wrongful possession of heroin, in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. He was sentenced to a bad-conduct discharge, confinement for 21 days, and reduction to E-1. The convening authority approved the sentence as adjudged. On appeal, the appellant asserts his sentence is inappropriately severe. We disagree and affirm.

Baltimore police officers arrested the appellant and a companion in a high crime area known for its drug activity. They made the arrest after observing the appellant hand his companion some money. The companion left the car and returned minutes later with what appeared to be capsules. The police found drugs on the appellant's companion and also found four capsules, which the appellant admitted contained heroin, in the center compartment of the car. At trial, the appellant contended that he did not intend to purchase heroin that night, but rather, expected his companion to get him prescription painkillers—for which he did not have a prescription—because Air Force doctors had recently taken him off painkillers and he was experiencing withdrawal symptoms. According to the appellant, it was not until his companion returned to the car with the capsules that the appellant learned it was heroine. Regardless, it is clear that the appellant set out to purchase a controlled substance he was not legally authorized to possess and that the appellant possessed the substance after he learned that it was heroine.

This Court has the authority to review sentences pursuant to Article 66(c), UCMJ, 10 U.S.C. § 866(c), and to reduce or modify sentences we find inappropriately severe. We review sentence appropriateness de novo. *United States v. Baier*, 60 M.J. 382, 383–384 (C.A.A.F. 2005). Generally, we make this determination in light of the character of the offender and the nature and seriousness of his offense. *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982). Our duty to assess the appropriateness of a sentence is "highly discretionary" but does not authorize us to engage in an exercise of clemency. *United States v. Lacy*, 50 M.J. 286, 287 (C.A.A.F. 1999); *United States v. Healy,* 26 M.J. 394, 395–96 (C.M.A. 1988).

The appellant suggests that his sentence is inappropriately severe because his offense was only for the possession of heroin, rather than use of the drug. After review of the entire record of trial in this case, we cannot say that the adjudged sentence is inappropriately severe. The appellant sought out a method to obtain illegal drugs of some sort via the Internet, solicited a civilian for assistance, drove 20 miles from his residence to make the drug transaction, was caught on a video surveillance system used by the civilian police department, and found with heroin in his possession. After carefully examining the submissions of counsel and taking into account all of the facts and circumstances surrounding the appellant's crimes, we do not find the appellant's sentence inappropriately severe. *See Snelling*, 14 M.J. at 268.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the approved findings and sentence are **AFFIRMED**.



FOR THE COURT

STEVEN LUCAS
Clerk of the Court