# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.J. BRUBAKER, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

v.

**DENNIS L. JOHNSON II**
**AIRMAN APPRENTICE (E-2), U.S. NAVY**

**NMCCA 201400431**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 14 August 2014.
**Military Judge:** CDR Michael J. Luken, JAGC, USN.
**Convening Authority:** Commander, Navy Region Mid-Atlantic, Norfolk, VA.
**Staff Judge Advocate's Recommendation:** CDR S.J. Gawronski, JAGC, USN.
**For Appellant:** CDR Suzanne M. Lachelier, JAGC, USN.
**For Appellee:** CDR R.D. Evans, Jr., JAGC, USN.

**14 April 2015**

---

## OPINION OF THE COURT

---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge, sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of two specifications of sexual assault of a child, in violation of Article 120b, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920b. The military judge sentenced the appellant to confinement for 15 months, reduction to pay grade E-1, forfeiture of all pay and allowances, and a bad-conduct

discharge. The convening authority (CA) approved only so much of the sentence as provides for the reduction to pay grade E-1, confinement for 15 months, and a bad-conduct discharge. Suspending all confinement in excess of 12 months pursuant to a pretrial agreement, the CA ordered the sentence, except for the bad-conduct discharge, executed.

On appeal, the appellant claims that a sentence including a bad-conduct discharge is inappropriately severe.

After carefully considering the record of trial and the submissions of the parties, we conclude that the findings and sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of the appellant was committed. Arts. 59(a) and 66(c), UCMJ.

## Background

The nineteen-year-old appellant befriended a young female, RH, through social media. After communicating electronically for two weeks, during which the appellant became aware that RH was only 14, they arranged to meet. The appellant picked up RH from her aunt and uncle's home with the aim of delivering her to school. Once in the appellant's car, RH indicated she did not wish to go to school. The pair instead went to the mall and a movie. When RH later voiced a desire not to go home, the appellant took her to a friend's apartment where they spent the night. Over the next several days, the appellant and RH engaged in oral sodomy and sexual intercourse.

During this time, RH's aunt and uncle, who had custody of her, were desperately trying to locate RH. They were able to identify the appellant after reviewing RH's phone and tablet computer. When the uncle texted the appellant, the latter said he had only spoken with her once and had never met her. The uncle asked the appellant, were he to see RH, to let her know her family was looking for her and was very concerned. The uncle feared his niece was either raped or dead. The appellant did not contact RH's family after this initial exchange of texts. RH was located after further analysis of her recent contacts on social media indicated the appellant, a Sailor, was the person with whom she likely was staying. Additional facts necessary to address the assignment of error will be provided below.

2

**Sentence Appropriateness**

The appellant argues that a bad-conduct discharge was excessive and inappropriate given the facts of his case. We disagree. In accordance with Article 66(c), UCMJ, a Court of Criminal Appeals "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). While this court has a great deal of discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999).

The maximum sentence applicable to the offenses to which the appellant pleaded guilty was confinement for 60 years, forfeiture of all pay and allowances, reduction to pay grade E-1, and a dishonorable discharge. The appellant knew RH was 14. Despite this, he aided her in her efforts to skip school and remain away from her home, and engaged in sexual activity with her on two occasions. We find his actions were squarely within the conduct proscribed by the statute, and reject any claim that his misconduct was any less serious than the range of permissible punishments indicates.

The appellant urges this court to focus on his personal circumstances. At the time of the charged offenses, he was only nine months removed from high school, and had been in the Navy for a short time. Several of the appellant's family members and a supervisor testified to his relative immaturity, portraying him as "a good kid [but] young for his age"[1] and "19 . . . going on about 15 or 16 . . . from a maturity aspect."[2] In addition to the present court-martial, he also now has a civilian conviction for a related offense of contributing to the delinquency of a minor. He will be required to register as a sex offender when he returns to his home of record. The appellant argues that

---

[1] Record at 76.

[2] *Id*. at 82.

these facts, combined with the remainder of his approved sentence, make a punitive discharge inappropriately severe in his case.  We disagree.  To the extent these facts may militate towards a sentence at the lower end of the range of permissible punishments, we find they are sufficiently acknowledged in the relatively lenient sentence the CA approved.

After review of the entire record, we find that the sentence is appropriate for this offender and his offenses.  To grant sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority. *Healy,* 26 M.J. at 394.

## Conclusion

The findings and the sentence as approved by the CA are affirmed.

For the Court

R.H. TROIDL
Clerk of Court