# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39203**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Jamie I. FISHER**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 23 May 2018

————————————

*Military Judge:* Tiffany M. Wagner (arraignment); James R. Dorman.

*Approved sentence:* Bad-conduct discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 19 September 2016 by GCM convened at Peterson Air Force Base, Colorado.

*For Appellant:* Lieutenant Colonel Judith A. Walker, USAF; Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Kaylynn N. Shoop, USAF; Mary Ellen Payne, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

Appellant, an Air Force recruiter, pleaded guilty to violating a lawful general regulation by conducting an intimate and sexual relationship with two recruits and a recruiter assistant; providing alcohol to recruits and a recruit-

er assistant; and engaging in personal social contact with recruits, in violation of Article 92, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 892. Appellant also pleaded guilty to forgery and obstruction of justice, in violation of Articles 123 and 134, UCMJ, 10 U.S.C. §§ 923, 934. The military judge sitting as a general court-martial sentenced Appellant to a bad-conduct discharge, confinement for 18 months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority approved the adjudged sentence.

Pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), Appellant claims that his sentence is inappropriately severe, specifically when compared to the approved sentence in *United States v. Medellin*, No. ACM. S32272, 2015 CCA LEXIS 282 (A.F. Ct. Crim. App. 2 Jul. 2015) (unpub. op.), a special court-martial. However, Appellant fails to meet his burden to show that his case is in any way "closely related" to *Medellin*. *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). The record in this case establishes no nexus to *Medellin* and Appellant produces no evidence to suggest the appellant in *Medellin* was a co-actor in this case or somehow shared a common or parallel scheme with Appellant. *See id*. While mindful of our ability to nonetheless consider non-closely-related cases in order to maintain sentence uniformity within our jurisdiction, we have given individualized consideration to the nature and seriousness of Appellant's crimes, Appellant's record of service, all other matters contained in the record of trial, and importantly, Appellant, and we conclude the sentence is not inappropriately severe. *See United States v. Wacha*, 55 M.J. 266, 268 (C.A.A.F. 2001); *see also United States v. Sauk*, 74 M.J. 594, 606 (A.F. Ct. Crim. App. 2015) (en banc).

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court