*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Cedric D. HOWARD**
Senior Chief Boatswain's Mate (E-8), U.S. Navy
*Appellant*

**No. 202400300**

_____

Decided: 18 December 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Philip J. Hamon

Sentence adjudged 28 May 2024 by a special court-martial tried at Region Legal Service Office Southwest, San Diego, California, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-6.

For Appellant:
*Captain Colin Norton, USMC*

For Appellee:
*Captain Jacob Carmin, USMC*
*Lieutenant Colonel Allison Acosta, USMCR*
*Lieutenant Lan T. Nguyen, JAGC USN*

_____

**This opinion does not serve as binding precedent under
NMCCA Rule of Appellate Procedure 30.2(b).**

_____

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one specification of violation of a lawful general order (fraternization), and one specification of false official statement in violation of Articles 92 and 107, Uniform Code of Military Justice (UCMJ).[1] Pursuant to a plea agreement between Appellant and the Office of Special Trial Counsel (OSTC), the military judge sentenced Appellant to reduction to E-6.

In the statement of trial results, the military judge recommended that the convening authority suspend Appellant's reduction below E-7 for a period of four months. The convening authority considered the military judge's recommendation along with Appellant's request for clemency and took no action on the sentence. Appellant now assigns a single error: whether his sentence is inappropriately severe considering his military service and character.

Having considered the record of trial as a whole and the briefs of the parties, we find that the findings are correct in law and that the sentence is correct in law and fact, and that no error materially prejudicial to the substantial rights of Appellant occurred.[2]

## I. BACKGROUND

Appellant entered active duty in August 2001 and had served with distinction for over 21 years when he became the deck department leading chief petty officer on USS *Abraham Lincoln* (CVN 72). Seaman (SN) Lima[3] was a member of Appellant's department. Seaman Lima was on restriction in the beginning of 2023 and had been visiting Appellant frequently for mentoring. In February of 2023, Appellant and SN Lima had sex in Appellant's office onboard the ship.

_____

[1] 10 U.S.C. §§ 892 and 907 (2016).

[2] Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016).

[3] A pseudonym.

In August of 2023, Special Agents of the Naval Criminal Investigative Service (NCIS) opened an investigation into Appellant's relationship with SN Lima. When questioned by NCIS agents, Appellant lied and said that he had never had sex with SN Lima. The OSTC preferred and referred one specification of violating OPNAV Instruction 5370.2E[4] for having an unduly familiar relationship with SN Lima and two specifications of false official statement—one for lying to the NCIS agents and another for allegedly making a false statement to a different Sailor during the course of Appellant's misconduct.

Prior to trial, Appellant entered into a plea agreement with the OSTC in which Appellant agreed to plead guilty to fraternizing with SN Lima and lying to the NCIS agents. In exchange, the OSTC agreed to withdraw and dismiss the remaining false official statement specification. The parties also agreed that punishment would be limited as follows: (1) no punitive discharge would be adjudged; (2) no confinement would be adjudged; (3) no forfeitures would be adjudged; (4) no fine would be adjudged; (5) reduction to paygrade E-6 would be adjudged; and (6) other lawful punishments could be adjudged.[5]

At trial, Appellant introduced as evidence in extenuation and mitigation Appellant's performance evaluations; letters from his friends, family, and colleagues attesting to his good character; and documentation of the financial impact that reduction to E-6 would have on his retirement. Appellant also made an unsworn statement in which he expressed contrition for his crimes.

The military judge accepted Appellant's guilty pleas and sentenced him to be reduced to E-6 (the only sentence mandated by the plea agreement). The military judge then recommended that the convening authority suspend reduction below E-7 because of

> the specific facts, timing, and circumstances surrounding the convicted misconduct, as well as the seriousness of the misconduct itself. . . . [T]he court heavily weighed the accused's entire naval career . . . the contents of the accused's unsworn statement, the accused's unsworn statement, his degree of reflection and remorse, [the good character letters], the principles of sentencing, and [Rule for Courts-Martial] 1002(c). . . .[6]

---

[4] *NAVY FRATERNIZATION POLICY*, para. 5b (Nov. 4, 2020).

[5] App. Ex. IV at 5.

[6] R. at 95.

## II. DISCUSSION

**Appellant's Sentence is not Inappropriately Severe.**

We review issues of sentence appropriateness de novo.[7] In conducting our review, we may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as we find correct in law and determine, on the basis of the entire record, should be approved.[8] Article 66 provides courts of criminal appeals a great deal of discretion in determining whether a particular sentence is appropriate.[9] However, in conducting our review, we are not authorized to engage in exercises of clemency.[10] "Generally, sentence appropriateness should be judged by 'individualized consideration' of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender.'"[11]

"Other than to ensure that the appellant's approved sentence is one that 'should be approved,' we generally refrain from second guessing or comparing a sentence that flows from a lawful pretrial agreement or a [convening authority's] lawful exercise of his authority to grant clemency to an appellant."[12]

Although Appellant claims that his plea agreement was the result of a perceived imbalance of negotiating power,[13] Appellant did not raise that concern to the military judge, affirming several times that no one had forced him to plead guilty and that he was doing so of his own volition. Nor does Appellant claim now that his plea was involuntary. As a result, we proceed to Appellant's claim that his sentence was inappropriately severe.

---

[7] *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005). Because Appellant's misconduct occurred prior to December 27, 2023, we review Appellant's sentence under the version of Article 66 that was in effect at the time of his offenses. *See National Defense Authorization Act for Fiscal Year 2022*, Pub. L. No. 117-81 Section 539E(f), 135 Stat. 1541, 1703-1706 (2021); *United States v. Swisher*, 85 M.J. 1, 4 (C.A.A.F. 2024).

[8] Article 66, UCMJ (2016).

[9] *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999).

[10] *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988).

[11] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 10 C.M.A. 102, 106-07, 27 C.M.R. 176, 180-81 (1959)).

[12] *United States v. Widak*, No. 201500309, 2016 CCA LEXIS 172, at *7 (N-M Ct. Crim. App. Mar. 22, 2016) (unpublished) (quoting Article 66(c) (2016)).

[13] Appellant's Brief at 10.

In conducting our review, we have considered Appellant's more than 20 years of honest and faithful service, weighed against the facts and circumstances of the offenses for which he was found guilty. We also considered the military judge's recommendation for clemency but are not bound by it.[14]

Appellant engaged in sexual intercourse with a junior Sailor onboard a naval warship in his office while that junior Sailor was on restriction. At the time of Appellant's fraternization, he was not only SN Lima's department leading chief petty officer, he was also acting as a mentor to her. This misconduct strikes at the heart of the reason for the prohibition on fraternization. Further, when confronted with his misconduct, Appellant lied to investigators in an attempt to avoid being held accountable.

When he was charged, Appellant voluntarily negotiated with the OSTC, which agreed to withdraw one specification and agreed to significant limitations on sentencing including providing for no punitive discharge and no confinement. Appellant's agreement to the adjudged sentence is strong evidence that the sentence is appropriate.[15] Having reviewed the record in its entirety and the briefs of the parties, we find that Appellant's sentence, adjudged in accordance with the plea agreement he signed, is not inappropriately severe and is one that should be approved.

---

[14] *See United States v. Avellaneda*, 84 M.J. 656, 663 (N-M. Ct. Crim. App. 2024).

[15] *Id.*

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[16] The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[16] Articles 59 & 66, UCMJ (2016).