*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, GROSS, and de GROOT
Appellate Military Judges

———————————

**UNITED STATES**
*Appellee*

**v.**

**Jaime C. HERNANDEZ**
Master Sergeant (E-8), U.S. Marine Corps
*Appellant*

**No. 202500071**

———————————

Decided: 15 June 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Matthew M. Harris

Sentence adjudged 4 October 2024 by a special court-martial tried at Marine Corps Base Camp Pendleton, California, consisting of military judge alone. Sentence in the Entry of Judgment: reduction to paygrade E-6 and forfeiture of $3,230.00 per month for 12 months.

For Appellant:
*Lieutenant Commander Michael W. Wester, JAGC, USN*

For Appellee:
*Captain Michael M. O'Regan, JAGC, USN*
*Captain Jacob R. Carmin, USMC*

_____

**This opinion does not serve as binding precedent but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

A military judge sitting as a special court-martial convicted Appellant, in accordance with his pleas, of one specification of assault consummated by a battery and one specification of attempted violation of a lawful general order in violation of Articles 128 and 80, Uniform Code of Military Justice (UCMJ).[1] We have jurisdiction to hear this case pursuant to Article 66(b)(1)(A).

Appellant raises one assignment of error: whether the sentence in the entry of judgment is inappropriately severe. Having considered the record as a whole, we find that Appellant's sentence is appropriate and affirm.

## I. BACKGROUND

Appellant faced charges of attempted sexual assault, abusive sexual contact, violation of a lawful general order (fraternization), and assault consummated by a battery based on allegations made by Corporal (Cpl) M.S., a young Marine attached to his command, following the Marine Corps birthday ball in 2023. Corporal M.S. alleged that Appellant sent her inappropriate text messages, entered her hotel room without her consent, attempted to sexually assault her, and kissed her neck as she physically resisted his advances.

After the charges were initially referred to a general court-martial, Appellant entered into a plea agreement with the Office of Special Trial Counsel (OSTC). Appellant agreed to plead guilty to kissing Cpl M.S. on the neck and attempting to fraternize with her by sending her inappropriate text messages, entering her room, and kissing her without her consent. The OSTC, in turn, agreed to withdraw and dismiss the sexual offenses, refer the allegations to a special court-martial, and limit the authority of the military judge to impose a sentence beyond reduction to paygrade E-6 and forfeiture of up to two-thirds base pay per month for up to 12 months.

_____

[1] 10 U.S.C. §§ 928, 880.

At Appellant's guilty plea hearing, he told the military judge that he signed the plea agreement voluntarily and agreed to all of the terms. He confirmed when asked by the military judge that he wished to be bound by the agreement, and that he entered into the plea agreement because he sought to receive the benefit of a reduced sentence. Having conducted a colloquy with Appellant into the factual basis of his pleas, the military judge found Appellant guilty.

Corporal M.S. testified in aggravation and also provided a victim impact statement. She told the military judge that Appellant's actions had a lasting negative impact on her and her view of the Marine Corps. Appellant provided evidence in extenuation and mitigation of his 22 years of service that included several deployments and positive fitness reports prior to his misconduct. He also presented evidence of personal tragedy he had suffered and family hardships. The military judge then imposed a sentence that was the maximum he was authorized to impose under the plea agreement.

## II. DISCUSSION

We review sentence appropriateness de novo.[2] In conducting our review, we "may affirm only the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved."[3] Article 66 provides courts of criminal appeals a great deal of discretion in determining whether a particular sentence is appropriate; however, in conducting our review, we are not authorized to engage in exercises of clemency.[4] Generally, sentence appropriateness should be judged by "individualized consideration" of the particular appellant "on the basis of the nature and seriousness of the offense and the character of the offender."[5]

---

[2] *United States v. Baier*, 60 M.J. 382, 384–85 (C.A.A.F. 2005).

[3] Article 66(d)(1), UCMJ. Article 66(d)(1), codified at 10 U.S.C. 866(d) (2018), applies to Appellant's case because the findings of guilty were for offenses that occurred prior to 27 December 2023. *See United States v. Spencer*, ___ M.J. ___, No. 25-0192, 2026 CAAF LEXIS 143, at *5–6 (C.A.A.F. Feb. 9, 2026) (reiterating the standard of review for sentence appropriateness under the version of Article 66, UCMJ, as it existed in 2018.).

[4] *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999); *United States v. Healy*, 26 M.J. 394, 395–96 (C.M.A. 1988).

[5] *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982).

A court of criminal appeals is required in conducting its sentence appropriateness review to consider each part of the sentence, as well as the sentence as a whole.[6]

The Court of Appeals for the Armed Forces (CAAF) has told us in considering a sentence that rises from a negotiated plea agreement, that the sentence agreed to by an appellant "is a reasonable—but not dispositive—indication of the sentence's fairness to [the] [a]ppellant."[7] Therefore the CAAF stated, "the existence of a plea agreement is a material consideration in a service court's sentence appropriateness review."[8]

Viewing Appellant's case through the lens of our plenary de novo authority under the UCMJ, we are satisfied that Appellant's sentence is appropriate for his misconduct. Appellant's behavior was a drastic departure from the behavior expected of a senior enlisted Marine with over 20 years of service. He targeted a junior Marine from his unit, sought an inappropriate relationship with her, and entered her room without consent. When Cpl M.S. specifically rebuked Appellant for his behavior and intentions, Appellant persisted in his unlawful conduct and escalated it by kissing her without her consent.

While we recognize Appellant's case in extenuation and mitigation, we find that Appellant received a significant benefit from the OSTC through a very favorable plea agreement. His knowing and voluntary entry into the plea agreement, which authorized the military judge to impose the sentence of which he now complains, is strong evidence that at the time he entered into the agreement, he believed it to be appropriate for his misconduct. Having reviewed all of the matters submitted at Appellant's court-martial, we have independently determined that Appellant's adjudged sentence is not inappropriately severe and that it is appropriate for his misconduct.

---

[6] *United States v. Flores*, 84 M.J. 277, 281–82 (C.A.A.F. 2024).

[7] *United States v. Arroyo*, 86 M.J. 89, 93 (C.A.A.F. 2025).

[8] *Id.* at 94.

### III. CONCLUSION

After careful consideration of the record and the briefs of the parties, we have determined that the findings are correct in law and the sentence is correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[9] The findings and sentence are **AFFIRMED.**

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[9] Articles 59 & 66, UCMJ.