# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**J.A. FISCHER, A.C. RUGH, T.H. CAMPBELL**
Appellate Military Judges

**UNITED STATES OF AMERICA**

v.

**MATTHEW W. RODRIGUEZ**
**SERGEANT (E-5), U.S. MARINE CORPS**

**NMCCA 201600033**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 29 October 2015.
**Military Judge:** Col P.S. Rubin, USMC.
**Convening Authority:** Commanding Officer, Marine Corps Air Station, Cherry Point, NC.
**Staff Judge Advocate's Recommendation:** Maj J.R. Liebenguth, USMC.
**For Appellant:** LCDR Ryan Mattina, JAGC, USN.
**For Appellee:** Maj Tracey L. Holtshirley, USMC; LCDR Clayton G. Trivett, JAGC, USN.

**19 July 2016**

---
## OPINION OF THE COURT
---

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

Pursuant to his pleas, a military judge convicted the appellant at general court-martial of stealing military property and cash, selling military property, housebreaking, and unlawful entry, in violation of Articles 108, 121, 130, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921, 930, and 934. The military judge sentenced the appellant to confinement for 36 months, reduction to pay grade E-1, a fine of $5,000.00, forfeiture of all pay and allowances, and a bad-conduct discharge. The convening authority (CA) approved the sentence, suspending confinement in excess of 18 months.

The appellant now assigns as error that his sentence was disparately severe compared to that of a closely-related companion case.[1]  We disagree.

## BACKGROUND

Between September 2014 and July 2015, the appellant and Sergeant (Sgt) Call broke into several military warehouses on board Marine Corps Air Station, Cherry Point, and Marine Corps Base, Camp Lejeune, North Carolina, to steal military property including tactical vests, flashlights, boots, combat desert jackets, pelican cases, and mine detectors valued at tens of thousands of dollars.  They also broke into a Cherry Point mess hall, stealing $4,600.00 in cash from a safe.  The appellant and Sgt Call sold some of the stolen military property and divided the proceeds between them.  The appellant kept the lion's share of the cash stolen from the mess hall safe, but gave approximately $1,500.00 to Sgt Call for his efforts as "lookout."

The appellant and Sgt Call were caught and pleaded guilty for their related offenses at separate general courts-martial.  Similar to the appellant, Sgt Call was sentenced to 36 months' confinement, forfeiture of all pay and allowances, reduction to pay grade E-1, and a bad-conduct discharge.[2]  He was not adjudged a fine.

## DISCUSSION

**Sentence Disparity**

The appellant now argues that his sentence is disparately severe when compared to the sentence received by Sgt Call, in that Sgt Call was not adjudged a fine.

The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases.  *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985).  We are not required to engage in comparison of specific cases "'except in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'"  *United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999) (quoting *Ballard*, 20 M.J. at 283) (additional citation omitted).

"Closely related" cases are those that "involve offenses that are similar in both nature and seriousness or which arise from a common scheme or design."  *United States v. Kelly,* 40 M.J. 558, 570 (N.M.C.M.R. 1994)*; see also Lacy*, 50 M.J. at 288 (citing examples of closely related cases as including co-actors in a common crime, servicemembers involved in a common or parallel scheme, or "some other direct nexus between the servicemembers whose sentences are sought to be compared").  The appellant bears the burden of demonstrating that any cited cases are "closely related" to his case and that the sentences are "highly disparate."  If the appellant meets that burden, then the Government must show that there is a rational basis for the disparity.  *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001); *see also Lacy*, 50 M.J. at 288.

---

[1] This assignment of error was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1992).

[2] It is unclear from the record whether Sgt Call received any sentence relief from the CA pursuant to a pretrial agreement or in clemency.

However, co-conspirators are not entitled to equal sentences. *See United States v. Durant*, 55 M.J. 258, 261-62 (C.A.A.F. 2001).

Assuming without deciding that the appellant and Sgt Call's cases are closely related, we nonetheless find that the appellant has failed to demonstrate that the two men's sentences are highly disparate. When evaluating whether sentences are highly disparate, we are "not limited to a narrow comparison of the relative numerical values of the sentences at issue, but also may include consideration of the disparity in relation to the potential maximum punishment." *Lacy*, 50 M.J. at 289. That is the deliberative process we apply here.

The relatively small disparity between the two adjudged sentences—a $5,000.00 fine— pales in comparison to the potential maximum punishments, including confinement for over 40 years, each faced. As a result, we are not required to further examine the many possible rational bases for the minor discrepancy in sentences. "Having failed to show a high disparity in his sentence, appellant is not entitled to a further examination of the reasons for any differences in the sentences." *Id*.

## Court-Martial Order Error

Appellant notes that the court-martial order (CMO) incorrectly alleges misconduct occurring on "divers occasions" in Specification 1 of Charge II, words excepted from the specification by the military judge's findings.[3]

We test error in CMOs under a harmless-error standard. *United States v. Crumpley*, 49 M.J. 538, 539 (N.M.Ct.Crim.App. 1998). The appellant alleges no prejudice resulting from this error, and we find none. However, the appellant is entitled to accurate court-martial records. *Id.* Accordingly, we order the necessary corrective action in our decretal paragraph.

CONCLUSION

The supplemental CMO will reflect that the appellant was found guilty of Specification 1 under Charge II, except for the words, "on divers occasions between on or about 1 January 2014," substituting therefor the words, "between on or about 1 September 2014." Of the excepted words, Not Guilty; of the substituted words, Guilty; of the Specification as excepted and substituted, Guilty; and of the Charge, Guilty.

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court

---

[3] Appellant's Brief of 29 Apr 2016.