# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 38963**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Benjamin A. DOERR**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 12 May 2017

————————————

*Military Judge:* Brendon K. Tukey.

*Approved sentence:* Dishonorable discharge, confinement for 4 years, and reduction to E-1. Sentence adjudged 1 December 2015 by GCM convened at Travis Air Force Base, California.

*For Appellant:* Major Lauren A. Shure, USAF; Brian L. Mizer, Esquire.

*For Appellee:* Major Jeremy D. Gehman, USAF; Major Meredith L. Steer, USAF; Gerald R. Bruce, Esquire.

Before DREW, J. BROWN, and MINK, *Appellate Military Judges.*

Chief Judge DREW delivered the opinion of the court, in which Senior Judge J. BROWN and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

DREW, Chief Judge:

A military judge sitting as a general court-martial convicted Appellant, in accordance with his plea and pursuant to a pretrial agreement (PTA), of wrongful possession of, with intent to distribute, child pornography, in viola-

tion of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934.[1] The military judge sentenced Appellant to a dishonorable discharge, confinement for four years, and reduction to E-1. The convening authority approved the adjudged sentence.[2] Appellant raises one assignment of error on appeal: whether his sentence is inappropriately severe.

## I. BACKGROUND

Over the course of nine months, Appellant used peer-to-peer software to collect and store more than 800 files of known child pornography on his home computer and knowingly make it available for others to view and download over the Internet. He specifically searched for, downloaded, stored, and made available files depicting sexual acts involving girls from seven to 15 years of age.

## II. DISCUSSION

This court "may affirm only . . . the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). This court reviews sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). This task requires "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the char-

---

[1] Appellant was originally charged with and arraigned on one charge with two specifications. The first specification was for the offense of which Appellant was found guilty. The second specification alleged wrongful distribution of child pornography. Pursuant to the PTA between Appellant and the convening authority, the latter dismissed the wrongful distribution specification after arraignment but before Appellant entered pleas. Although not required by the terms of the PTA, the convening authority dismissed the distribution specification with prejudice. In Appellant's Assignment of Error, his Statement of the Case erroneously indicates that he was convicted, in accordance with his pleas, of the wrongful distribution specification. The Government, in its Answer, accepted without correcting Appellant's Statement of the Case.

[2] The PTA provided that the convening authority would approve no confinement in excess of five years, but included no other limitations on the sentence he could approve. Accordingly, the PTA had no impact on the convening authority's ability to approve the adjudged sentence.

acter of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180–81 (C.M.A. 1959)) (internal quotation marks omitted).

In conducting this review, we must also be sensitive to considerations of uniformity and evenhandedness. *United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citing *United States v. Lacy*, 50 M.J. 286, 287–88 (C.A.A.F. 1999)). However, we engage in sentence comparison only "in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *Id.* (quoting *United States v. Ballard*, 20 M.J. 282, 285 (C.M.A. 1985)).

> An appellant who asks the Court of Criminal Appeals to engage in sentence comparison bears the burden of demonstrating that any cited cases are "closely related" to the appellant's case, and that the sentences are "highly disparate." If the appellant meets that burden . . . the burden shifts to the Government to show a rational basis for the disparity.

*Id.* (quoting *Lacy*, 50 M.J. at 288). Sentence comparison is appropriately rare since "[f]rom the mere face of court-martial promulgating orders or similar documents, it is simply not possible to assess the multitude of aggravating and mitigating sentencing factors considered in the cases they represent." *Ballard*, 20 M.J. at 285. Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Appellant's conviction for possession with intent to distribute child pornography carried a maximum punishment of a dishonorable discharge, confinement for 15 years, total forfeitures, and reduction to E-1. Appellant negotiated with the convening authority to withdraw the allegation of distribution of child pornography and to not approve confinement in excess of five years (which was not implicated by Appellant's sentence of a dishonorable discharge, confinement for four years, and reduction to E-1). Appellant has referred the court to a number of other child pornography cases. However, Appellant has failed to meet his burden to establish that any of those cases are closely related to his.

We have given individualized consideration to Appellant, the nature and seriousness of his offense, his record of service, and all other matters contained in the record of trial. We find that the approved sentence was legally appropriate based on the facts and circumstances of this particular case, and was not inappropriately severe.

### III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court