# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

———————————

## No. 201600391

———————————

## UNITED STATES OF AMERICA
Appellee

v.

## BRIAN R. ALLEN
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Keith A. Parrella, USMC.
Convening Authority: Commanding Officer, 6th Marine Regiment, 2d Marine Division, Camp Lejeune, NC.
Staff Judge Advocate's Recommendation: Major Winston G. McMillan, USMC.
For Appellant: Captain James S. Kresge, USMCR.
For Appellee: Commander Joseph E. Stolasz, JAGC, USN; Lieutenant Jetti L. Gibson, JAGC, USN.

———————————

Decided 20 July 2017

———————————

Before MARKS, RUGH, AND JONES, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant, pursuant to his pleas, of one specification of failing to obey a lawful general order (possession of drug paraphernalia), one specification of possession of a controlled substance, two specifications of use of a controlled substance, one specification of wrongful appropriation, and one specification of larceny, in

violation of Articles 92, 112a and 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 892, 912a, and 921 (2012). The military judge sentenced the appellant to sixty days' confinement, reduction to pay grade E-1, and a bad-conduct discharge. In accordance with a pretrial agreement, the convening authority approved the sentence, suspended confinement in excess of thirty days, , and except for the bad-conduct discharge, ordered the sentence executed.

The appellant raises one assignment of error, averring a bad-conduct discharge is an inappropriately severe sentence considering his otherwise honorable service.[1] We disagree and, after careful consideration of the record of trial and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant, a staff sergeant (E-6), was addicted to heroin and used it regularly. To this end, he kept spoons, cotton balls, and a syringe for injecting heroin in his desk drawer onboard Camp Lejeune, North Carolina. Additionally, the appellant wrongfully appropriated a gunnery sergeant's debit card, using it to withdraw $200.00 from his bank account.

At the time of trial, the appellant had served in the Marine Corps for 14 years, including two deployments in Iraq and two in Afghanistan. During his service, he earned two Navy-Marine Corps Commendation medals and four Navy-Marine Corps Achievement medals. Prior to his offenses, he had no significant disciplinary history.

During his first tour in Iraq, the appellant was caught in an improvised explosive device blast, which left him with severe abdominal pain. Following doctor instructions, he treated his pain with prescription opioid medication for 11 years. Subsequently, the appellant was diagnosed with Opioid Use Disorder, for which he completed a substance abuse rehabilitation program.

During the same time period, the appellant suffered several personal tragedies including the deaths of his father in 2011 and his ex-wife in 2009, leaving him the sole parent of their child, which he raised with his other two children.

---

[1] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

## II. DISCUSSION

The appellant now alleges that his sentence to a bad-conduct discharge was inappropriately severe. We disagree.

"Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)). This court "may affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record." Art. 66(c), UCMJ, 10 U.S.C. § 866(c). It is well-settled that a court-martial is free to impose any lawful sentence it determines appropriate. *United States v. Dedert*, 54 M.J. 904, 909 (N-M. Ct. Crim. App. 2001); RULE FOR COURTS-MARTIAL 1002, MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.).

We review the appropriateness of the sentence *de novo. United States v. Lane,* 64 M.J. 1, 2 (C.A.A.F. 2006). After review of the entire record, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. The appellant's sentence does not rise to the level of an obvious miscarriage of justice or an abuse of discretion, as the sentence does not exceed the maximum punishment. *United States v. Lacy*, 50 M.J. 286 (C.A.A.F. 1999); *Snelling*, 14 M.J. at 268. As a leader of Marines with 14 years of service, the appellant knew well the unlawful nature of his actions. His misconduct adversely affected a fellow Marine and negatively impacted the good order and discipline of his unit. While we note that the appellant was first exposed to opioids through a lawful prescription, and we laud that he has since participated in a rehabilitation program, these facts do not completely ameliorate his misconduct.

We are convinced that justice was done and that the appellant received the punishment he deserved. *Healy*, 26 M.J. at 395. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the convening authority, and we decline to do so. *Id.* at 395-96.

## III. CONCLUSION

The findings and the sentence, as approved by the convening authority, are affirmed.

For the Court



R. H. TROIDL
Clerk of Court