# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

### No. 201600389

————————————

## UNITED STATES OF AMERICA
Appellee

v.

## FERRANCE C. BROWN
Corporal (E-4), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Major Michael D. Libretto, USMC.
Convening Authority: Commanding Officer, 1st
Battalion, 10th Marine Regiment, 2d Marine Division, Camp
Lejeune, NC.
Staff Judge Advocate's Recommendation: Major Winston G.
McMillan, USMC.
For Appellant: Major Jason L. Morris, USMCR.
For Appellee: Commander Joseph E. Stolasz, JAGC, USN;
Lieutenant Jetti L. Gibson, JAGC, USN.

————————————

Decided 28 September 2017

————————————

Before MARKS, JONES, and MILLER, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent but may be cited as
persuasive authority under NMCCA Rule of Practice and Procedure
18.2.**

————————————

PER CURIAM:

A military judge sitting as a special court-martial convicted the appellant,
pursuant to his pleas, of six specifications of failure to go to his appointed
place of duty, one specification of failure to obey a lawful order, one

specification of making a false official statement, and three specifications of wrongful use of a controlled substance, in violation of Articles 86, 92, 107, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 886, 892, 907, and 912a (2012). For sentencing purposes, the military judge merged the six specifications of failure to go to his appointed place of duty, and sentenced the appellant to 110 days of confinement, reduction to pay grade E-1, and a bad-conduct discharge. The convening authority (CA) approved the sentence as adjudged and, except for the discharge, ordered it executed.

In his sole assignment of error, the appellant contends his sentence of a bad-conduct discharge is inappropriately severe in light of the comparatively minor offenses to which he pled guilty and the extenuating and mitigating evidence presented at sentencing. After careful consideration of the record of trial and the pleadings of the parties, we conclude that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

The appellant enlisted in the Marine Corps on 8 July 2013. During his two years of service, he had no disciplinary history. In April 2015, his command recommended him for a meritorious promotion.

On 31 December 2015, the appellant disregarded a direct order to attend an unrelated court proceeding out in town. The failure to appear resulted in a warrant for his arrest.

In January 2016, the battalion executive officer ordered the appellant to attend the Skills, Techniques, Options, and Plans (STOP) Program to help him handle some domestic issues he was having with his marriage. The appellant's STOP counselor scheduled six sessions beginning 25 January 2016, none of which the appellant attended. The appellant's commanding officer questioned him directly regarding his failure to attend a session on 14 March 2016, and the appellant told him that he did not attend the session because he was at the sports medicine clinic. In reality, the appellant had remained in his barracks room.

Between 21 December 2015 and 21 June 2016, the appellant unlawfully ingested cocaine on three separate occasions. Sometime between 21 December 2015 and 5 January 2016, the bartender at a gentlemen's club poured a white powdery substance into the appellant's drink, and he consumed it. He knew the substance was illegal and suspected it was cocaine but knowingly and intentionally avoided learning the true nature of the substance. On 5 January 2016, the appellant tested positive for cocaine on a urinalysis. After 5 January 2016, on two separate dates the same bartender

again poured a white powdery substance into the appellant's drinks. Although he knew the substance put into his drinks was cocaine, he continued to consume it at the same gentlemen's club on 16 April 2016 and 18 June 2016. He subsequently tested positive for cocaine on 19 April 2016 and 21 June 2016.

## I. DISCUSSION

The appellant alleges that his bad-conduct discharge is inappropriately severe, since the offenses to which he pled guilty were relatively minor when weighed against his two and a half years of honorable service, and warrants relief pursuant to Article 66, UCMJ. We disagree.

We review sentence appropriateness *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling,* 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). Despite our significant discretion in reviewing the appropriateness and severity of an adjudged sentence, we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

Despite not having any prior misconduct and being recommended for meritorious promotion in April of 2015, the appellant's performance drastically declined in late 2015. His misconduct spanned a period over five months, where his presence negatively impacted the unit, and his chain of command lost total trust and confidence in him. The appellant disobeyed a direct order, made a false official statement to his commanding officer, and unlawfully used cocaine on three separate occasions. While we note that during this time the appellant was dealing with his wife having an affair, this does not excuse his misconduct. Contrary to the appellant's assertions, we do not view the repeated use of cocaine, providing a false official statement to a commanding officer, and failing to follow a direct order as relatively minor offenses. *United States v. Lacy*, 50 M.J. 286 (C.A.A.F. 1999); *Snelling,* 14 M.J. at 268.

After review of the entire record, and weighing the nature and seriousness of the offenses against the appellant's otherwise honorable service and the evidence submitted in extenuation and mitigation, we find that the sentence is appropriate for this offender and his offenses. *United States v. Baier,* 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy,* 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268.

## III. CONCLUSION

The findings of guilty and the sentence as approved by the convening authority are affirmed.


For the Court


R. H. TROIDL
Clerk of Court