# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32595 (f rev)**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Kristofer J. CRUSPERO**
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

*Upon Further Review*

Decided 30 April 2021

————————————

*Military Judge:* Christina M. Jimenez; Andrew R. Norton (remand).

*Sentence*: Sentence adjudged on 2 April 2019 by SpCM convened at McConnell Air Force Base, Kansas. Sentence entered by military judge on 1 May 2019 and reentered on 4 January 2021: Bad-conduct discharge, confinement for 4 months, forfeiture of $1,000.00 pay per month for 4 months, and reduction to E-1.

*For Appellant:* Major Stuart J. Anderson, USAF.

*For Appellee:* Major Zachary T. West, USAF; Mary Ellen Payne, Esquire.

Before J. JOHNSON, LEWIS, CADOTTE, *Appellate Military Judges*.

Senior Judge LEWIS delivered the opinion of the court, in which Chief Judge J. JOHNSON and Judge CADOTTE joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

LEWIS, Senior Judge:

This case is before our court for the second time. Previously, our court remanded the case to the Chief Trial Judge, Air Force Trial Judiciary, to resolve

a substantial issue with the convening authority's decision memorandum as no action was taken on the adjudged sentence. *United States v. Cruspero*, No. ACM S32595, 2020 CCA LEXIS 427, at *16–17 (A.F. Ct. Crim. App. 24 Nov. 2020) (unpub. op.). We deferred deciding Appellant's one assignment of error: whether his sentence is inappropriately severe.

During the remand, on 31 December 2020, the successor to the convening authority took action on the sentence by approving the sentence in its entirety. As a result, on 4 January 2021, the military judge signed a modified entry of judgment (EoJ) pursuant to Rule for Courts-Martial 1112(c)(3).[1] On 14 January 2021, Appellant's record of trial was returned to our court. Appellant submitted no further assignments of error. We find the convening authority's 31 December 2020 action on the sentence complies with applicable law and the modified EoJ correctly reflects the post-trial actions taken in this case.

After considering the assignment of error, we find no error that materially prejudiced a substantial right of Appellant and we affirm the findings and sentence.

## I. BACKGROUND

A special court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a pretrial agreement (PTA), of three specifications of divers wrongful use of a controlled substance in violation of Article 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 912a. The three controlled substances were cocaine, 3,4-methylenedioxymethamphetamine (commonly referred to as ecstasy), and lysergic acid diethylamide (commonly referred to as LSD). The court-martial sentenced Appellant to a bad-conduct discharge, confinement for four months, forfeiture of $1,000.00 pay per month for four months, and reduction to the grade of E-1. The adjudged confinement was the same amount as the PTA's confinement cap.

Our prior opinion explained the facts underlying the investigation of Appellant's drug use by the Air Force Office of Special Investigations (AFOSI). Unpub. op. at *3–4. We noted that between May 2017 and October 2018, at various locations, Appellant used cocaine approximately 25 times, ecstasy about 20 times, and LSD about 15 times. *Id.*

---

[1] References to the punitive articles of the Uniform Code of Military Justice (UCMJ) are to the *Manual for Courts-Martial, United States* (2016 ed.). Unless otherwise noted, all other references to the UCMJ and to the Rules for Courts-Martial (R.C.M.) are to the *Manual for Courts-Martial, United States* (2019 ed.).

This opinion will briefly explain the actions of Appellant's two military roommates, Senior Airman (SrA) EK and SrA KB, as Appellant argues we should compare his case to theirs and find his bad-conduct discharge inappropriately severe.

SrA EK and SrA KB were both mentioned in Appellant's trial though neither of them testified as a witness. The parties stipulated that (1) Appellant acquired a portion of the cocaine, ecstasy, and LSD that he consumed from SrA EK; and (2) Appellant wrote a note to SrA EK that described Appellant's concerns about their cocaine use. Incorporated into the stipulation of fact were some text messages with various friends about obtaining drugs. One page of messages involved Appellant asking SrA EK and SrA KB if anyone was selling "snow" which he stipulated was a reference to cocaine. SrA KB replied to Appellant's text, "I am not sure. Did you want some?" Later, SrA EK replied she was headed home and asked "How much do y'all want[?]"

In the providence inquiry, Appellant explained how he was introduced to each drug and some of the circumstances of his later uses of each drug. For cocaine, Appellant stated that SrA KB offered it to him the first time he used it after she bought it. For later uses of cocaine, Appellant told the military judge, "I've procured it on my own, and [SrA KB] has as well." For ecstasy, Appellant stated that SrA KB gave him the first ecstasy pill he used. For later uses of ecstasy, Appellant told the military judge that he purchased the drug but Appellant did not explain whether SrA EK or SrA KB were involved. For Appellant's first use of LSD, SrA EK and SrA KB were not present. Appellant told the military judge that SrA EK and SrA KB introduced Appellant to the people with whom he used LSD. For later uses of LSD, Appellant did not further explain the involvement of either SrA EK or SrA KB.

In his oral unsworn statement, Appellant told the military judge that SrA EK and SrA KB "broke [him] out of [his] shell" and he started making friends and those friends exposed him to drugs and that doing drugs just became part of the social norm.

## II. DISCUSSION

### A. Law

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2016) (footnote omitted). We may affirm only as much of the sentence as we find correct in law and fact and determine should be approved on the basis of the entire record. Article 66(d)(1), UCMJ, 10 U.S.C. § 866(d)(1). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Sauk*, 74 M.J.

594, 606 (A.F. Ct. Crim. App. 2015) (en banc) (per curiam) (alteration in original) (citing *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009)). Although we have great discretion to determine whether a sentence is appropriate, we have no authority to grant mercy. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010) (citation omitted).

When arguing sentence disparity and asking us to compare his sentence with the sentences of others, Appellant bears the burden of demonstrating those other cases are "closely related" to his, and if so, that the sentences are "highly disparate." *See United States v. Lacy*, 50 M.J. 286, 288 (C.A.A.F. 1999). Cases are "closely related" when, for example, they include "coactors involved in a common crime, servicemembers involved in a common or parallel scheme, or some other direct nexus between the servicemembers whose sentences are sought to be compared." *Id*. The test for whether sentences are "highly disparate" is "not limited to a narrow comparison of the relevant numerical values of the sentences at issue, but also may include consideration of the disparity in relation to the potential maximum punishment." *Id*. at 289. If an appellant meets that burden, then the Government must show a rational basis for the sentence differences. *Id*. at 288. "Sentence comparison does not require sentence equation." *United States v. Durant*, 55 M.J. 258, 260 (C.A.A.F. 2001) (citation omitted).

"[T]he military justice system must be prepared to accept some disparity in the sentencing of codefendants, provided each military accused is sentenced as an individual." *Id*. at 261 (citations omitted). "[C]harging decisions by commanders in consultation with their trial counsel, as well as referral decisions by convening authorities after advice from their Staff Judge Advocates, can certainly lead to differences in sentencing." *Id*.

During our Article 66(d), UCMJ, review of sentence appropriateness, we "are required to engage in sentence comparison only 'in those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases.'" *See United States v. Sothen*, 54 M.J. 294, 296 (C.A.A.F. 2001) (citation omitted).

**B. Analysis**

Appellant argues that his sentence is inappropriately severe because his sentence included a bad-conduct discharge, while the sentences of SrA EK and SrA KB did not include this punishment. Appellant argues that the cases are closely related given the three used controlled substances together. He argues the record does not provide any rational basis for the highly disparate sentences, and that we should not affirm his bad-conduct discharge.

To support his assignment of error, Appellant filed a motion to attach the Air Force Court-Martial Summaries for February 2019 which, among the 31

case summaries, includes one-paragraph summaries from SrA EK's and SrA KB's special courts-martial. We granted the motion to attach and both parties reference the summaries in their briefs.[2] The summaries show that both SrA EK and SrA KB were found guilty by a military judge sitting alone of "wrongful use of a controlled substance."

SrA EK's court-martial summary shows she was sentenced to confinement for seven months, forfeiture of $1,120.00 pay per month for seven months, reduction to the grade of E-1, and a reprimand. SrA KB's court-martial summary shows she was sentenced to confinement for 100 days, hard labor without confinement for 60 days, restriction for 60 days, forfeiture of $500.00 pay per month for six months, reduction to the grade of E-1, and a reprimand. Finally, SrA KB's summary states that her adjudged sentence "did not exceed the negotiated terms" of the PTA.

The Government argues that we should not compare Appellant's sentence to the sentences of his roommates because Appellant has not met his burden to show the cases are closely related. The Government acknowledges some overlap between the cases but argues there is much that we do not know about SrA EK's and SrA KB's trials including: (1) the charges; (2) the pleas; (3) the frequency or circumstances of the drug use; and (4) if there were significant mitigating or extenuating facts in their cases, such as cooperation with law enforcement.

We find that Appellant has not met his burden of showing that SrA EK's and SrA KB's cases are closely related to his. We agree with the Government that we know very few details about SrA EK's and SrA KB's cases.

We can discern the following: (1) all three cases were tried in the same forum, a special court-martial, and at the same installation; (2) Appellant was the only one sentenced to a bad-conduct discharge; (3) the other two cases involved a conviction for at least one wrongful use of a controlled substance while

---

[2] We understand that we are permitted to consider matters from outside the record of trial when necessary to resolve issues raised by materials in the record of trial. *See United States v. Jessie*, 79 M.J. 437, 442–44 (C.A.A.F. 2020). The involvement of SrA EK and SrA KB in some of the Appellant's drug offenses was raised by the stipulation of fact, and we considered the court-martial summaries in our determination of whether Appellant's case is closely related to their cases. *Cf. United States v. Harris*, No. ACM 39640, 2020 CCA LEXIS 299, at *31 (A.F. Ct. Crim. App. 2 Sep. 2020) (unpub. op.) (determining a non-prosecution of one military offender and an acquittal of another were outside of the "entire record" and could not be considered on the appellant's requests for a post-trial hearing or new trial). Additionally, we note both parties have referenced the court-martial summaries in their briefs, without objection, which would also permit us to consider them without ruling on this issue. *See United States v. Stanton*, 80 M.J. 415, 417 n.2 (C.A.A.F. 2021).

we know Appellant was convicted for using three different controlled substances, each on divers occasions; (4) Appellant acquired a portion of the cocaine, ecstasy, and LSD that he consumed from SrA EK; (5) SrA KB provided Appellant the cocaine and ecstasy for his first use; (6) Appellant wrote a letter about his concerns about how much cocaine the three of them were using; and (7) Appellant was the last of the three to be tried.

There are crucial matters that we do not know about SrA EK's and SrA KB's cases. Most prominently, we do not have the EoJ in either case that would list the specifications, the charged timeframe, the pleas, and the findings. *Cf. United States v. Nettles*, No. ACM 38336, 2014 CCA LEXIS 254, at *16 (A.F. Ct. Crim. App. 21 Apr. 2014) (per curiam) (unpub. op.) (noting the appellant moved to attach the Report of Result of Trial which included the pleas, findings, and sentence of another officer's case), *vacated and dismissed on other grounds*, 74 M.J. 289 (C.A.A.F. 2015). As our court has not reviewed SrA EK's or SrA KB's cases we cannot consider opinions of our court to determine these matters. *See United States v. Schmidt*, No. ACM 39604, 2020 CCA LEXIS 37, at *9–10 (A.F. Ct. Crim. App. 5 Feb. 2020) (unpub. op.) (considering a released opinion of our court to decide whether a case was closely related), *rev. denied*, 80 M.J. 293 (C.A.A.F. 2020).

Without providing us information about the basic charging scheme[3] in the other two cases, Appellant has not met his burden to show he is a coactor in a common crime or a common or parallel scheme with SrA EK or SrA KB. It is possible there is a direct nexus between one or more of Appellant's offenses and SrA EK's and SrA KB's offenses. But we cannot determine with any degree of certainty that a direct nexus exists for even a majority of the offenses in Appellant's case, and we decline to relieve Appellant of his burden of showing his case is closely related to SrA EK's and SrA KB's cases. We do not find this to be one of "those rare instances in which sentence appropriateness can be fairly determined only by reference to disparate sentences adjudged in closely related cases." *See Sothen*, 54 M.J. at 296 (citation omitted).

We do not reach the question of whether the Government can show a rational basis for why Appellant received a bad-conduct discharge and SrA EK and SrA KB did not. We note that we know nothing about the extenuation and mitigation evidence presented in SrA EK's or SrA KB's cases or why those cases proceeded to trial ahead of Appellant's case.

---

[3] Appellant does not allege that he faced more specifications than his roommates as "the result of some type of invidious, constitutionally impermissible discrimination." *See United States v. Durant*, 55 M.J. 258, 261 (C.A.A.F. 2001).

We realize that we may consider the sentences of SrA EK's and SrA KB's even if their cases are not closely related to Appellant's. We decline to do so. "The appropriateness of a sentence generally should be determined without reference or comparison to sentences in other cases." *United States v. LeBlanc*, 74 M.J. 650, 659 (A.F. Ct. Crim. App. 2015) (en banc) (citing *United States v. Ballard*, 20 M.J. 282, 283 (C.M.A. 1985)). We find no reason to deviate in this case from the general rule set out in *LeBlanc*.

We have considered the particular circumstances of Appellant's case, including his involvement with three illegal drugs over an extended period of time as well as the extenuation and mitigation evidence presented. Having given individualized consideration to Appellant, the nature and seriousness of the offenses, Appellant's record of service including his deployment, and all other matters contained in the record of trial, we conclude that the sentence, including the bad-conduct discharge, is not inappropriately severe.

### III. CONCLUSION

Upon further review, the findings and sentence entered are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(d), Uniform Code of Military Justice, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court